IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


ROGER DALE LAMAR,

             Petitioner,

   v.                              CIVIL ACTION NO. 1:18CV204
                                   CRIMINAL ACTION NO. 1:17CR52
                                           (Judge Keeley)

UNITED STATES OF AMERICA,

             Respondent.

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 41], DENYING MOTION TO APPOINT COUNSEL [DKT. NO. 61], AND DISMISSING WITH PREJUDICE CIVIL ACTION NO. 1:18CV204**

        Pending are the pro se motions filed by the petitioner, Roger Dale LaMar ("LaMar"), to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 41)[1], and to appoint counsel to represent him in connection with this motion (Dkt. No. 61). For the following reasons, the Court **DENIES** LaMar's motions and **DISMISSES WITH PREJUDICE** Civil Action Number 1:18CV204.

## I. BACKGROUND

        On October 3, 2017, a grand jury indicted LaMar for possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One), and possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count

---

[1] Unless otherwise noted, all docket numbers refer to Criminal Action No. 1:17CR52.

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 41], DENYING MOTION TO APPOINT COUNSEL [DKT. NO. 61], AND DISMISSING CIVIL ACTION NO. 1:18CV204 WITH PREJUDICE**

Two) (Dkt. No. 1). On December 7, 2017, LaMar pleaded guilty to Count One, unlawful possession of a firearm (Dkt. Nos. 24, 27).

During LaMar's sentencing hearing on May 16, 2018, the Court calculated his base offense level as a level twenty (Dkt. No. 53 at 5-6). As stipulated in LaMar's plea agreement, it added (1) four levels pursuant to § 2K2.1(b)(1)(B) because LaMar possessed between eight and twenty-four firearms; (2) two levels pursuant to § 2K2.1(b)(4) because three of those firearms had been stolen; and (3) four levels pursuant to § 2K2.1(b)(6)(B) because LaMar had used or possessed a firearm in connection with another felony offense. Id. LaMar's resulting adjusted offense level of thirty was then reduced by three levels pursuant to U.S.S.G. § 3E1.1(a)-(b) based on his acceptance of responsibility. LaMar's total offense level of twenty-seven combined with his criminal history category of V resulted in an advisory guideline range of imprisonment of 120-150 months. Id. But because his offense carried a statutory maximum sentence of 120 months of imprisonment, that maximum became his effective guideline range. Id.

Prior to his sentencing hearing, LaMar had been convicted in state court on the related felony charges of daytime burglary and grand larceny. As the stolen firearms involved in his federal case formed the basis for his state convictions, the Court accounted for the time LaMar had served already in state custody by

LAMAR V. USA                                    1:18CV204/1:17CR52

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO.
41], DENYING MOTION TO APPOINT COUNSEL [DKT. NO. 61], AND
DISMISSING CIVIL ACTION NO. 1:18CV204 WITH PREJUDICE**

sentencing him to ninety-five months and eighteen days of
imprisonment, to run concurrently with his state sentence,
followed by three years of supervised release (Dkt. Nos. 58-1 at
17-18, 36 at 2). LaMar did not appeal and his conviction became
final on May 31, 2018.

On October 29, 2018, however, LaMar filed the instant § 2255
motion, arguing that the Court erred when it applied the sentencing
enhancements in U.S.S.G. § 2K2.1(b)(4)(A) and U.S.S.G. §
2K2.1(b)(1)(B), and that his counsel at sentencing had been
ineffective by failing to object to these errors (Dkt. No. 41).
The matter is fully briefed and ripe for decision.

## II. APPLICABLE LAW

Title 28 U.S.C. Section 2255(a) permits a federal prisoner
who is in custody to assert the right to be released if (1) "the
sentence was imposed in violation of the Constitution or laws of
the United States;" (2) "the court was without jurisdiction to
impose such sentence;" or (3) "the sentence was in excess of the
maximum authorized by law, or is otherwise subject to collateral
attack."  A petitioner bears the burden of proving any of these
grounds by a preponderance of the evidence. See Miller v. U.S.,
261 F.2d 546, 547 (4th Cir. 1958).

3

LAMAR V. USA                                          1:18CV204/1:17CR52

MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO.
41], DENYING MOTION TO APPOINT COUNSEL [DKT. NO. 61], AND
DISMISSING CIVIL ACTION NO. 1:18CV204 WITH PREJUDICE

### III. DISCUSSION

A.   **Waiver of Collateral Attack Rights**

As a threshold matter, the Court notes that, in his plea
agreement, LaMar waived his right to collaterally attack the manner
in which the Court calculated his sentence (Dkt. No. 24 at 5).
"[A] criminal defendant may waive his right to attack his
conviction and sentence collaterally, so long as the waiver is
knowing and voluntary." U.S. v. Lemaster, 403 F.3d 216, 220 (4th
Cir. 2005). Federal Rule of Civil Procedure 11 requires the Court
to determine whether the defendant accepts a plea voluntarily,
without force, threats, or promises. The Court must find that a
defendant who pleads guilty understands the nature of the charge
and is aware of the consequences of his plea. McCarthy v. U.S.,
394 U.S. 459, 464 (1969). "The representations of the defendant .
. . as well as any findings made by the judge accepting the plea,
constitute a formidable barrier in any subsequent collateral
proceeding." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Here, LaMar entered into a plea agreement in which he
forfeited his right to challenge "the sentence or the manner in
which it was determined in any collateral attack, including but
not limited to, a motion brought under Title 28 U.S.C. Section
2255 (habeas corpus)" (Dkt. No. 24 at 5). During his plea colloquy,
LaMar twice affirmed that he had entered into his plea agreement

4

LAMAR V. USA                                          1:18CV204/1:17CR52

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 41], DENYING MOTION TO APPOINT COUNSEL [DKT. NO. 61], AND DISMISSING CIVIL ACTION NO. 1:18CV204 WITH PREJUDICE**

voluntarily and that he understood its implications, including his waiver of certain collateral attack rights (Dkt. No. 56 at 35-36). Based on these statements, the magistrate judge found that LaMar had entered his guilty plea knowingly and voluntarily. Id. at 46. At sentencing, LaMar confirmed his understanding of his waiver of certain collateral attack rights (Dkt. No. 53 at 22).

As the record reflects, LaMar knowingly and voluntarily waived his right to contest his sentence and the Court's calculation of his sentence in a § 2255 motion. This waiver encompasses his pending challenge to the Court's application of certain sentencing enhancements.

LaMar's plea agreement, however, does not bar him from perfecting any legal remedies he may have on collateral attack regarding ineffective assistance of counsel. Therefore, as it relates to his counsel's representation, LaMar's § 2255 motion is unaffected by the waiver in his plea agreement. But at the conclusion of his sentencing hearing, LaMar affirmed that he had no complaints concerning his attorney's representation (Dkt. No. 53 at 22). That affirmance belies the arguments he has raised.

**B.   Guideline Range Calculation**

LaMar first contends that the Court erred by applying the sentencing enhancements in § 2K2.1(b)(4)(A) and § 2K2.1(b)(1)(B). He believes that the dismissal of Count Two, charging him with

LAMAR V. USA                                          1:18CV204/1:17CR52

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 41], DENYING MOTION TO APPOINT COUNSEL [DKT. NO. 61], AND DISMISSING CIVIL ACTION NO. 1:18CV204 WITH PREJUDICE**

possession of stolen firearms, should have altered his sentence on Count One (Dkt. No. 45 at 5). Specifically, LaMar asserts that the Court should not have included the three firearms listed in Count Two in the total number of firearms he possessed, and should not have considered the stolen nature of these firearms. Id. Even assuming LaMar had not waived his right to attack the Court's calculation of his sentence in a § 2255 motion, his arguments lack merit for several reasons.

"Barring extraordinary circumstances, . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." U.S. v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999). Because claims of misapplication of the sentencing guidelines "typically do[] not amount to a miscarriage of justice," they are not cognizable on collateral review. U.S. v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999); see also, Whitley v. U.S., 2018 WL 3466957, at *3 (M.D.N.C. Apr. 30, 2018). LaMar's assertions that the Court erred in enhancing his offense level under the guidelines are mere contentions of "ordinary misapplication of the guidelines." Thus, his claims do not amount to a miscarriage of justice and are not cognizable under § 2255. Mikalajunas, 186 F.3d at 496.

Further, and significantly, in his plea agreement LaMar stipulated to the applicability of the enhancements he now

LAMAR V. USA                                    1:18CV204/1:17CR52

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 41], DENYING MOTION TO APPOINT COUNSEL [DKT. NO. 61], AND DISMISSING CIVIL ACTION NO. 1:18CV204 WITH PREJUDICE**

challenges (Dkt. No. 24). "[A]bsent a successful withdrawal from a plea agreement or other very exceptional circumstances, a defendant remains bound by the factual stipulations in his plea agreement once the plea has been accepted by the district court." U.S. v. Weon, 722 F.3d 583, 589 (4th Cir. 2013) (quoting U.S. v. Teeter, 257 F.3d 14, 28 (1st Cir. 2001) (a court's acceptance of a factual stipulation in a plea agreement "firm[ly]" binds the parties to the stipulation, because "the defendant knows what [he] has done, and has little cause for complaint if the district court takes [him] at [his] word").

LaMar specifically agreed that his base offense level should be increased by two levels under § 2K2.1(b)(4)(A) because three of the firearms he possessed had been stolen, and by four levels under § 2K2.1(b)(1)(B) because he possessed a total of nine firearms (Dkt. No. 24).[1] At his plea hearing, the Government read these stipulations into the record and the magistrate judge discussed them in detail with LaMar (Dkt. No. 56 at 10–12). He then affirmed in open court that he had agreed to these stipulations and understood their effect on his case. Id. at 17–19. The Court

---

[1] LaMar also stipulated that he had been previously convicted of second-degree murder; his offense level should be increased by four levels under § 2K2.1(b)(6)(B) because he had possessed a firearm in connection with the state felony offenses of grand larceny and daytime burglary; and his convictions on these state felonies were relevant conduct (Dkt. No. 24 at 3).

LAMAR V. USA                                    1:18CV204/1:17CR52

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO.
41], DENYING MOTION TO APPOINT COUNSEL [DKT. NO. 61], AND
DISMISSING CIVIL ACTION NO. 1:18CV204 WITH PREJUDICE**

accepted LaMar's plea agreement and the parties' stipulations
during his sentencing hearing. LaMar has neither disavowed his
plea agreement nor alleged any exceptional circumstances that
would release him from it. He therefore remains bound by his
stipulation.

Finally, despite LaMar's contention otherwise, the law
permitted the Court to consider facts associated with Count Two as
relevant conduct when determining his sentence on Count One.
Pursuant to U.S.S.G. § 1B1.3(a)(1)(A), a defendant's relevant
conduct includes "all acts and omissions committed, aided,
abetted, counseled, commanded, induced, procured, or willfully
caused by the defendant. . . ." Important in this case, courts may
consider dismissed or acquitted conduct as relevant conduct at
sentencing. U.S. v. Joe, 844 F. App'x 672, 674 (4th Cir. 2021)
(citing U.S. v. Jinwright, 683 F.3d 471, 484 (4th Cir. 2012)).
Accordingly, the dismissal of Count Two at the conclusion of
LaMar's sentencing hearing had no impact on his guideline
calculation. The Court was able to apply the sentencing
enhancements in § 2K2.1(b)(4)(A) and § 2K2.1(b)(1)(B) so long as
the Government met its burden of proving the facts necessary to
establish the applicability of these enhancements by a
preponderance of the evidence. See U.S. v. Garnett, 243 F.3d 824,
828 (4th Cir. 2001).

8

LAMAR V. USA                                        1:18CV204/1:17CR52

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 41], DENYING MOTION TO APPOINT COUNSEL [DKT. NO. 61], AND DISMISSING CIVIL ACTION NO. 1:18CV204 WITH PREJUDICE**

Under § 2K2.1(b)(4)(A), a two-level enhancement is warranted if a firearm is stolen, and, under § 2K2.1(b)(1)(B), a four-level enhancement is warranted if the defendant possessed between eight and twenty-four firearms. The Government met its burden of establishing that these enhancements applied in LaMar's case through (1) its proffer of the factual basis for LaMar's guilty plea, (2) its version of the offense in the Presentence Report ("PSR"), (3) LaMar's admissions during his plea hearing, and (4) the probation officer's assessment of LaMar's conduct.

According to the Government, on February 17, 2016, a resident of Grafton, West Virginia reported that her home had been burglarized and that nine firearms had been stolen (Dkt. Nos. 33 at 6–9; 56 at 23–25). Her video surveillance system captured LaMar and another individual entering the home and exiting carrying, among other items, the missing firearms (Dkt. No. 56 at 23–24). LaMar had been convicted previously of a felony offense, thus making it illegal for him to possess a firearm. Id. Law enforcement officers interviewed LaMar twice regarding the burglary. At first, LaMar admitted that he had entered the residence and stolen several firearms, but later he claimed that he never entered the residence and had stolen only a weed eater he found outside. Id. at 24–25.

In April 2016, LaMar was named in an eleven-count indictment in the Circuit Court of Taylor County, West Virginia based upon

9

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 41], DENYING MOTION TO APPOINT COUNSEL [DKT. NO. 61], AND DISMISSING CIVIL ACTION NO. 1:18CV204 WITH PREJUDICE**

his participation in the burglary. He pleaded guilty to the felony offenses of daytime burglary and grand larceny and was sentenced to three to twenty years of imprisonment (Dkt. No. 33 at 15). Thereafter, on October 3, 2017, a grand jury sitting in the Northern District of West Virginia named LaMar in the two-count indictment in this case.

While under oath at his plea hearing, LaMar stated that the Government's account accurately reflected his involvement in the burglary (Dkt. No. 56 at 25–26), and described his conduct thusly:

> THE DEFENDANT: Your Honor, I had a few guns that I carried out. And I had...
> THE COURT: Okay. You were aware that you were a convicted felon?
> THE DEFENDANT: Yes, but --
> THE COURT: Okay.
> THE DEFENDANT: -- it didn't cross my mind at the time.
> THE COURT: Okay. Aware, though, that as a convicted felon --
> THE DEFENDANT: Right.
> THE COURT: -- that you weren't permitted to have guns?
> THE DEFENDANT: Right. Yes.

Id. at 26-27. Based on the Government's version of the offense and LaMar's admissions, the probation officer properly recommended that LaMar's offense level under the guidelines be enhanced pursuant to § 2K2.1(b)(4)(A) and § 2K2.1(b)(4)(A) (Dkt. No. 33 at 10).

As the record reflects, the Government met its burden of proving by a preponderance of the evidence that LaMar's conduct

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 41], DENYING MOTION TO APPOINT COUNSEL [DKT. NO. 61], AND DISMISSING CIVIL ACTION NO. 1:18CV204 WITH PREJUDICE**

involved between eight and twenty-four firearms and that at least one of the firearms had been stolen. Therefore, the Court did not err in accepting the parties' stipulation and enhancing LaMar's sentence pursuant to § 2K2.1(b)(4)(A) and § 2K2.1(b)(1)(B).

## C.    Ineffective Assistance of Counsel

LaMar also contends that his attorney provided ineffective assistance at sentencing by failing to object to the Court's erroneous application of the sentencing enhancements in § 2K2.1(b)(4)(A) and § 2K2.1(b)(1)(B) (Dkt. No. 41 at 8). To succeed on an ineffective assistance of counsel claim, the "petitioner must show, by a preponderance of the evidence, that (1) 'counsel's performance was deficient,' and (2) 'the deficient performance prejudiced the defense.'" Beyle v. U.S., 269 F. Supp. 3d 716, 726 (E.D. Va. 2017) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). "The Petitioner must 'satisfy both prongs, and a failure of proof on either prong ends the matter.'" Beyle, 269 F. Supp. 3d at 726 (quoting U.S. v. Roane, 378 F.3d 382, 404 (4th Cir. 2004)).

To satisfy Strickland's first prong, a petitioner must show that counsel's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 687-88. But "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 41], DENYING MOTION TO APPOINT COUNSEL [DKT. NO. 61], AND DISMISSING CIVIL ACTION NO. 1:18CV204 WITH PREJUDICE**

all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689, 2064. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id.

To satisfy the second prong, the petitioner must show that his attorney's error was not harmless error, but prejudiced the outcome of the case. Strickland, 466 U.S. at 694. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Here, LaMar cannot satisfy either prong of the Strickland analysis. Based on the evidence in the record and LaMar's admissions during his plea colloquy, his attorney reasonably concluded that the Government had met its burden of establishing the applicability of the sentencing enhancements. Thus, his decision not to interpose a meritless objection was not objectively unreasonable. See Strickland, 466 U.S. at 689 (noting that a fair assessment of counsel's conduct requires an evaluation from counsel's perspective at the time); see also U.S. v. Kilmer, 167

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 41], DENYING MOTION TO APPOINT COUNSEL [DKT. NO. 61], AND DISMISSING CIVIL ACTION NO. 1:18CV204 WITH PREJUDICE**

F.3d 889, 893 (5th Cir. 1999) (holding that "[a]n attorney's failure to raise a meritless argument [] cannot form the basis of a successful ineffective assistance of counsel claim[.]"); Moore v. U.S., 934 F. Supp. 724, 731 (E.D. Va. 1996) (same). LaMar's ineffective assistance claim therefore fails under Strickland's first prong.

LaMar also cannot establish a reasonable probability that, but for his counsel's deficient performance, the Court would not have applied the sentencing enhancements. Strickland, 466 U.S. at 694. Given the video evidence of LaMar's conduct, his admissions during an interview with law enforcement and his during his plea colloquy, even had his counsel objected, the Court could have applied the enhancements in § 2K2.1(b)(4)(A) and § 2K2.1(b)(1)(B). Thus, LaMar's ineffective assistance of counsel claim fails as well under the second prong of the Strickland analysis.

**D. Motion to Appoint Counsel**

On September 23, 2020, LaMar moved the Court to appoint counsel to represent him regarding his § 2255 motion (Dkt. No. 61). There is no constitutional right to appointed counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). "[T]he right to appointed counsel extends to the first appeal of right and no further." Id. The Court should appoint counsel to represent an indigent defendant only after a showing of particular

13

LAMAR V. USA                                        1:18CV204/1:17CR52

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 41], DENYING MOTION TO APPOINT COUNSEL [DKT. NO. 61], AND DISMISSING CIVIL ACTION NO. 1:18CV204 WITH PREJUDICE**

need or exceptional circumstances has been made. See 28 U.S.C. § 1915(e)(1); Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). And the Rules Governing Section 2255 Proceedings of the United States District Courts require the Court to appoint counsel in certain circumstances, such as upon a determination that an evidentiary hearing is required or if necessary for effective discovery. See Rules 6(a) and 8(c) of the Rules Governing § 2255 Proceedings.

Here, the record conclusively establishes that LaMar is not entitled to relief; thus, there is no need for the Court to conduct an evidentiary hearing. 28 U.S.C. § 2255(b); see Raines v. U.S., 423 F.2d 526, 530 (4th Cir. 1970). Likewise, no circumstances exist entitling LaMar to the appointment of counsel.

## IV. CONCLUSION

For the reasons discussed, the Court **DENIES** LaMar's § 2255 motion (Dkt. No. 41) and his motion to appoint counsel (Dkt. No. 61). It also **DISMISSES WITH PREJUDICE** Civil Action Number 1:18CV204.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order in favor of the United States, to transmit a copy of the order to LaMar by certified mail, return receipt requested, and to counsel of record by electronic means, and to strike Civil Action Number 1:18CV204 from the Court's active docket.

14

LAMAR V. USA                                                    1:18CV204/1:17CR52

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 41], DENYING MOTION TO APPOINT COUNSEL [DKT. NO. 61], AND DISMISSING CIVIL ACTION NO. 1:18CV204 WITH PREJUDICE**

**V. NO CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because LaMar has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003). Upon review of the record, the Court concludes that LaMar has failed to make the requisite showing and, therefore, **DENIES** a certificate of appealability.

DATED: October 15, 2021

                                   /s/ Irene M. Keeley
                                   IRENE M. KEELEY
                                   UNITED STATES DISTRICT JUDGE